# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-483V
(not to be published)

| | |
|---|---|
| BERNESSIA ODOM,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: June 6, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Milton Clay Ragsdale,* Ragsdale LLC, Birmingham, AL, for Petitioner.

*Julia Marter Collison,* U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

      On January 11, 2021, Bernessia Odom filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration as a result of a vaccination received on July 11, 2019. Petition, ECF No. 1. On January 18, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 43.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $37,488.90 (representing $36,669.60 for attorney's fees, $819.30 for attorney's costs). Petitioner's Application for Attorney's Fees and Costs ("Motion"), filed Apr. 10, 2023, ECF No. 48. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 48-4.

Respondent reacted to the motion on Apr. 13, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 49. Petitioner did not file a reply thereafter.

The rates requested for work performed through the end of 2022 by the relevant attorneys are reasonable and consistent with prior Vaccine Program determinations, and will therefore be adopted. Petitioner has also requested 2023 attorney hourly rates as follows: $530 per hour for work performed by attorney Milton Clay Ragsdale (a rate increase of $45), and $410 per hour for worked performed by attorney Allison L. Riley (a $35 increase). Petitioner also requests the hourly rates of $180 for 2023 work performed by paralegal Amy Johnson, and $170 for 2023 work performed by paralegal Anne Burke. *Id*. at 6-7. I find these 2023 hourly rates to be reasonable, and will adopt them. (And all time billed to the matter was also reasonably incurred).

Petitioner also requests $819.30 in overall costs. ECF No. 48-3. This amount is comprised of obtaining medical records, shipping, and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable, with the exception of $100 in requested costs that have not been substantiated with any description or supporting documentation. Attachment to Motion at 31-44. When petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Thus, the unsubstantiated costs will not be reimbursed. This reduces the costs to be awarded by **$100.00.**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Accordingly, Petitioner is awarded the total amount of $37,388.90[3] (representing $36,669.60 in attorney's fees and $719.30 in costs), in the**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that

2

**form of a check jointly payable to Petitioner and Petitioner's Counsel, Milton Clay Ragsdale.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.